IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY RAY RICHEY,
      Plaintiff,

vs.                                     Case No.: 5:08cv225/RS/EMT

DENNIS LEE, et al.,
      Defendants.
_____/

**O R D E R**

Plaintiff, an inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted, and the initial partial filing fee has been paid (Docs. 6, 15). Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff appears to name six Defendants in this action: Dennis Lee, Sheriff and "Chief Jailer" of the Holmes County Jail (Jail); Dr. Samuel Ward, a physician at the Jail; Dr. Leroy Lapuz, Plaintiff's "regular physician"; Sergeant Mahan, a correctional officer at the Jail; Sergeant Baker, a transport officer; and Rayna Brown, a nurse at the Jail (Doc. 1 at 1). Plaintiff claims that Defendants are depriving him of adequate medical care in violation of the Eighth Amendment and the Medicare Act, and Defendants' conduct constitutes discrimination under the Americans with Disabilities Act (ADA) (*id.* at 5–7). As relief, he seeks release to enable him to seek appropriate medical treatment and damages in the amount of $8,000,000.00 (*id.* at 6–7, attached pages).

Plaintiff alleges the following facts in support of his claims. On May 5, 2008, Plaintiff's pre-trial bond was revoked, and he was booked into the Jail (Doc. 1 at 5). At the time he was booked,

the medical staff required Plaintiff to relinquish his back brace (*id.* at 5–6). Plaintiff states the back brace was prescribed by an orthopedic specialist and is medically necessary because he suffers from a severe spinal cord injury (*id.*). On May 29, 2008, the state court judge presiding over Plaintiff's pre-trial hearing directed Defendants to give Plaintiff access to his "outside doctor" and necessary medication (*id.* at 6). The same day, during a visit to the Jail's medical department, Nurse Brown told Plaintiff that pursuant to instructions of Dr. Ward and Dr. Lapuz, Plaintiff would not be given Lortab, Xanax, or Ambien (*id.*). Plaintiff states he is a recipient of Social Security Disability and Medicare benefits, and Dr. Lapuz had prescribed those medications and others to him for the past two years, and he had a current prescription for them (*id.* at 6, attached pages). Additionally, Plaintiff states he provided Nurse Brown and Dr. Ward with medical records documenting his back injury and pain (*id.*). Plaintiff states pain relievers such as Tramadol and Motrin are not strong enough, and he requires "Class A narcotics" (*id.*). Plaintiff states Nurse Brown accused him of being a drug addict (*id.*). He states his health has severely deteriorated and he suffers chronic pain as a result of not receiving his medications (*id.*).

Initially, Plaintiff must clarify the Defendants in this matter. In the style of the case he names Sheriff Lee, Dr. Ward, Dr. Lapuz, Sergeant Mahan, Sergeant Baker, and Rayna Brown; however, in the "Defendants" section of the complaint he lists only Sheriff Lee, Dr. Ward, and Dr. Lapuz (Doc. 1 at 1, 2). In his amended complaint, Plaintiff must clarify who she seeks to sue in this action.

Additionally, Plaintiff has failed to state a basis for liability as to Defendants Mahan and Baker. Although Plaintiff lists these individuals as Defendants (*see* Doc. 1 at 1), he does not mention them in the Statement of Facts or the Statement of Claims (*see id.* at 5–7). Plaintiff is advised that unless he is able to clearly describe how each named Defendant was involved in each alleged constitutional violation, he should drop the individual as a Defendant.

Plaintiff has also failed to state a basis for liability as to Sheriff Lee. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when

there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'"  Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11h Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."  Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.  *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996).  Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff does not allege that Sheriff Lee personally participated in the alleged deprivation of medical care.  Furthermore, Plaintiff does not allege facts suggesting that there was a history of widespread deprivation of necessary medication to inmates by the medical staff, that the deprivation of Plaintiff's medication and back brace was the result of Sheriff Lee's

policy or custom, or that Sheriff Lee directed the medical staff to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so. Therefore, Plaintiff should drop Sheriff Lee as a Defendant unless facts exist that show a causal connection between his actions and the alleged federal violations.

Likewise, Plaintiff has failed to state a basis for liability as to Dr. Lapuz. It is well recognized that in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and

> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27-29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

In the instant case, Plaintiff does not allege that Dr. Lapuz is a member of the medical staff at the Jail or that his activities are "significantly affected with state involvement." *See* Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993) (citations omitted). Unless

sufficient facts exist showing that he was acting under color of state law, Plaintiff's claim against Dr. Lapuz will be subject to dismissal.

Finally, part of the relief Plaintiff seeks cannot be granted in a section 1983 action. Plaintiff seeks release from jail. Assuming arguendo that his allegations of unconstitutional deprivation of medical care at the Jail were proven, Plaintiff still would not be entitled to release from Jail; the appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing the constitutional violations. *See* Gomez v. United States, 899 F.2d 1124, 1126–27 (11th Cir. 1990) (citing Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)) (other citations omitted). Therefore, Plaintiff cannot obtain release from Jail through a § 1983 action.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether the facts of his case satisfy the standards for asserting constitutional claims. If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff shall completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2.      Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "Amended Complaint."

3.      Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this $\underline{22^{nd}}$ day of September 2008.


                                    /s/ *Elizabeth M. Timothy*
                                    **ELIZABETH M. TIMOTHY**
                                    **UNITED STATES MAGISTRATE JUDGE**