IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY RAY RICHEY,
    Plaintiff,

vs.                                                     Case No.: 5:08cv225/RS/EMT

DENNIS LEE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the court on Plaintiff's Motion for Writ of Habeas Corpus (Doc. 20). Because Plaintiff seeks injunctive relief concerning the conditions of his confinement, the motion will be construed as a motion for preliminary injunction.

       Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1.     There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.     There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.     The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and

    4.     The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless

the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995).

Plaintiff is a detainee at the Holmes County Jail (Jail) (*see* Doc. 1 at 2). He filed this civil rights action on July 16, 2008, claiming that Defendants are depriving him of adequate medical care for his spinal cord injury and related neurological problems in violation of the Eighth Amendment and the Medicare Act, and Defendants' conduct constitutes discrimination under the Americans with Disabilities Act (ADA) (*id.* at 5–7). As relief, he seeks release to enable him to seek appropriate medical treatment and damages in the amount of $8,000,000.00 (*id.* at 6–7, attached pages). In the instant motion for preliminary injunction, Plaintiff states he has suffered "unforseen complications" from his back injury, including loss of sensation in his left arm and pain in his right leg and foot (Doc. 20 at 4). He states he was seen by Dr. Ward, one of the named Defendants, on July 21, 2008, and requested a "medical release," but Dr. Ward stated that medical releases are not available at the Jail (*id.* at 5). Plaintiff additionally states he requested a medical release from Sheriff Lee, but Lee failed to respond to Plaintiff's request (*id.* at 7). Plaintiff seeks a preliminary injunction requiring Sheriff Lee to release him to enable him to seek the medical treatment he requires (*id.* at 9).

Initially, in an order issued by the undersigned one week ago, the court noted that there were several deficiencies in Plaintiff's complaint and afforded Plaintiff an opportunity to correct those deficiencies by filing an amended complaint (Doc. 19). One of the noted deficiencies was Plaintiff's failure to state a basis for liability as to Sheriff Lee, from whom Plaintiff now seeks preliminary relief (*see id.*). While the court does not thereby conclude that Plaintiff will be unable to maintain

his claim against Sheriff Lee, these deficiencies do not portend that there is a substantial likelihood that Plaintiff will succeed on the merits of this action.  Additionally, and most importantly, the relief sought by Plaintiff in the instant motion, specifically, release from incarceration, is not available in a section 1983 action.  As Plaintiff was previously advised, even if his allegations of unconstitutional deprivation of medical care at the Jail were proven, he still would not be entitled to release from Jail; the appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing the constitutional violations.  *See* Gomez v. United States, 899 F.2d 1124, 1126–27 (11th Cir. 1990) (citing Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)) (other citations omitted).  Therefore, the motion for a preliminary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Writ of Habeas Corpus (Doc. 20), construed as a motion for preliminary injunction, be **DENIED**.

At Pensacola, Florida, this 1st day of October 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**