IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JIMMY RAY RICHEY,
    Plaintiff,

vs.                                         Case No.: 5:08cv225/RS/EMT

DENNIS LEE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 23). Leave to proceed in forma pauperis has been granted, and the initial partial filing fee has been paid (Docs. 6, 15).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its

face. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff, an inmate of the Holmes County Jail (Jail) appears to name six Defendants in this action: Dr. Samuel Ward, a physician at the Jail; Rayna Brown, a nurse at the Jail; Captain Yancey, the Jail Administrator; Judge Allen L. Register, the circuit court judge presiding over Plaintiff's pending criminal proceeding; and Mr. Gene Finch, an owner of Finch Bail Bonds, a bonding company (Doc. 23 at 1, 2). Plaintiff states that from November of 2007 to the present, Dr. Ward has failed to provide him with his "regular medications" prescribed by Dr. Lapuz, an "outside" physician who is an associate of Dr. Ward, despite a court order directing Dr. Ward to do so (*id.* at 5–6). Plaintiff alleges Nurse Brown conspired with Dr. Ward to ensure Plaintiff does not receive his "regular medications" (*id.* at 7).

Plaintiff additionally states Judge Register set bail at $15,000.00, and a third party guaranteed a $1,500.00 bond with Finch Bail Bonds (*id.* at 6). Plaintiff states Defendant Finch forfeited Plaintiff's bond in May of 2008, for Plaintiff's failure to appear at a court hearing even though Finch and the guarantor of the bond both knew that the reason for Plaintiff's failure to appear was his commitment to the Florida State Hospital (*id.* at 6–7). Plaintiff states Judge Register revoked his bond upon his return from the hospital to the Jail without probable cause for doing so, and Judge Register refuses to release him on pre-trial release in light of the bond forfeiture (*id.* at 5–7). Plaintiff states that the bond forfeiture and revocation caused him to be unlawfully incarcerated and resulted in the loss of appropriate medical treatment, disability income, and his personal dignity and respect (*id.* at 5).

Plaintiff claims that Defendants' conduct violated his rights under the Fourth, Sixth, Eighth, and Ninth Amendments (*id.* at 7–8). As relief he seeks "relief from bond forfeiture" and "exemption from a bond" (*id*. at 8). He additionally appears to seek monetary damages caused by the bond forfeiture (*id.*).

Case No. 5:08cv225/RS/EMT

Plaintiff has failed to state a basis for liability as to Gene Finch, the bail bondsman. It is well recognized that in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27-29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

In the instant case, Plaintiff does not allege any facts suggesting that Defendant Finch was encouraged by a state actor to forfeit Plaintiff's bond, that Finch acted jointly with a state actor, or that Finch's conduct was "significantly affected with state involvement." *See* Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993) (citations omitted). Therefore, Plaintiff's claim against Mr. Finch should be dismissed. Accordingly, Plaintiff is not entitled to any form of relief against Mr. Finch, including "relief from bond forfeiture" or a judgment for damages related to the forfeiture.

The only other relief sought by Plaintiff is "exemption from a bond" or pre-trial release. Although Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus. The Supreme Court stated in Preiser v. Rodriguez, that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." 411 U.S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973) (emphasis added). Regardless of the label Plaintiff may place on the action, any challenge to the fact of his confinement, such as Plaintiff's challenge to Judge Register's allegedly unconstitutional revocation of bail, is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982).[1] Furthermore, release from Jail is not an available form of relief for Plaintiff's claims of inadequate medical treatment. Assuming arguendo that Plaintiff's remaining allegations of unconstitutional deprivation of medical care at the Jail were proven, Plaintiff still would not be entitled to release from Jail; the appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing the constitutional violations. *See* Gomez v. United States, 899 F.2d 1124, 1126–27 (11th Cir. 1990) (citing Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)) (other citations omitted). As it is clear that Plaintiff can prove no set of facts in support of his claims which would entitle him to the relief he seeks in this action, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the clerk be directed to close the file.

---

[1] If Plaintiff wishes to pursue a habeas action, he must file a petition on the court-approved form for use in habeas actions under 28 U.S.C. § 2241. *See* N.D. Fla. Loc. R. 5.1(J).

Case No. 5:08cv225/RS/EMT

At Pensacola, Florida this 8th day of December 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**